IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                       Plaintiff,<br><br>vs.<br><br>MERRILL SCOTT & ASSOCIATES, LTD.;<br>MERRILL SCOTT & ASSOCIATES, INC.;<br>PHOENIX OVERSEAS ADVISERS, LTD.;<br>PATRICK M. BRODY; DAVID E. ROSS II;<br>and MICHAEL G. LICOPANTIS;<br><br>                       Defendants. | ORDER & MEMORANDUM DECISION CONSOLIDATING CASES<br><br><br>Lead Case No. 2:02 CV 39 TC<br>Member Case No. 2:05 CV 375 TC<br>Member Case No. 2:05 CV 539 TC |

      David K. Broadbent has filed two lawsuits in his capacity as Receiver for Merrill Scott and Associates, Ltd. that essentially seek a declaration that certain real property is included within the receivership estate. The first suit, Broadbent v. Powers, 2:05 CV 375 TC (D. Utah) ("Powers I"), involves property located in Salt Lake City, Utah. The second suit, Broadbent v. Powers, 2:05 CV 539 TC (D. Utah) ("Powers II"), involves property located in San Francisco, California.

      Mr. Broadbent was appointed as Receiver for Merrill Scott on the motion of the Securities and Exchange Commission in the ongoing SEC enforcement action SEC v. Merrill Scott & Assocs. Ltd., 2:02 CV 39 (D. Utah). Currently, the Receiver is in the process of gathering the assets of Merrill Scott and other Merrill Scott-related entities in preparation for an

eventual monetary distribution to parties claiming entitlement to funds from Merrill Scott.

On September 20, 2006, the court held a status conference in SEC v. Merrill Scott. At that conference, the court noted that several proceedings ancillary to SEC v. Merrill Scott, including Powers I and Powers II were currently pending as separate actions. In a written order following the status conference, the court instructed any party who objected to the consolidation of the ancillary matters into the primary SEC enforcement action to file written objections with the court no later than October 4, 2006. (See Order Regarding September 20, 2006 Hearing 2-3, SEC v. Merrill Scott, 2:02 CV 39 (dkt. #749).)

To date, no party involved in either Powers I or Powers II has objected to the consolidation of those suits with the primary SEC enforcement action, SEC v. Merrill Scott, 2:02 CV 39 (D. Utah).

It is well within the authority of the court to order the use of summary proceedings to resolve disputes concerning a federal equity receivership. As stated by the Eleventh Circuit:

> The government's and parties' interests in judicial efficiency underlie the use of a single receivership proceeding. Smith v. American Industrial Research Corp., 665 F.2d 397, 399 (1st Cir. 1981). A summary proceeding reduces the time necessary to settle disputes, decreases litigation costs, and prevents further dissipation of receivership assets. SEC v. Wencke, 783 F.2d 829, 837 (9th Cir. 1986), cert. denied, 479 U.S. 818, 107 S.Ct. 77, 93 L.Ed.2d 33 (1986); United States v. Arizona Fuels Corp., 739 F.2d 455, 460 (9th Cir. 1984).

SEC v. Elliott, 953 F.2d 1560, 1566 (11th Cir. 1992). See also, id. at 1571; United States v. Fairway Capital Corp., 433 F. Supp. 2d 226, 241 (D. R.I. 2006) ("Federal district courts have wide discretion in granting relief in an equity receivership and may use summary proceedings in fashioning such relief."); FDIC v. Bernstein, 786 F. Supp. 170, 177 (S.D.N.Y. 1992) ("In keeping with this broad discretion, the use of summary proceedings in equity receiverships, as

opposed to plenary proceedings under the Federal Rules of Civil Procedure, is within the jurisdictional authority of a district court." (internal quotation and brackets omitted)).

The parties involved in Powers I and Powers II have been allowed to present evidence and argument to the court. Such protections have also been afforded (and will continue to be afforded as necessary) to participants in the primary SEC enforcement action. See Elliott, 953 F.2d at 1567 ("[A] district court does not generally abuse its discretion if its summary procedures permit parties to present evidence when the facts are in dispute and to make arguments regarding those facts.").

The interests of judicial economy and efficiency will be best served by consolidating both Powers I and Powers II with the primary SEC enforcement action, SEC v. Merrill Scott, 2:02 CV 39. All matters in Powers I and Powers II awaiting determination can be addressed more effectively in the primary SEC enforcement action following consolidation. All matters currently pending Powers I and Powers II, remain under advisement and will be resolved by a written order issued in SEC v. Merrill Scott, 2:02 CV 39. All future filings relating to Powers I and Powers II, must be filed in the primary SEC enforcement action, SEC v. Merrill Scott, 2:02 CV 39.

SO ORDERED this 4th day of December, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge